FILED

2018 AUG 13 PM 1:45

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| **Aleksandra Lukaj Lushi** <br> *Plaintiff,* <br><br> v. <br><br> **Kirstjen M. Nielsen**, Secretary, <br> Department of Homeland Security; <br> **L. Francis Cissna**, Director, Citizenship and <br> Immigration Services; **Katherine Baranowski**, <br> District Director, Citizenship and <br> Immigration Services, Jacksonville, Florida; <br> **Lisa Bradley,** Jacksonville Field Office <br> Director, Citizenship and Immigration Services. <br> *Defendants.* | X <br> X <br> X <br> X <br> X <br> X <br> X <br> X <br> X <br> X <br> X <br> X <br> X <br> X <br> / |

Case No. 3:18-cv-986-32 PDB

### COMPLAINT FOR ISSUANCE OF WRIT OF MANDAMUS

To the Honorable Judge of Said Court:

### I. INTRODUCTION

This action is brought by Plaintiff to request that this Court compel Defendants to properly transfer an approved Form I-130, Petition for Alien Relative ("Form I-130") from the United States Citizenship and Immigration ("USCIS") Jacksonville Field Office to the National Visa Center ("NVC").

### II. PARTIES

1. That the Plaintiff, **Aleksandra Lukaj Lushi** ("Plaintiff"), is a citizen of the United States. Plaintiff is married to Gjovalin Lushi and submitted a Form I-130 to USCIS on behalf of her spouse.

2. That the Defendant, **Kirstjen M. Nielsen**, is the Secretary of the Department of Homeland Security. She is responsible for the administration and enforcement of the

Immigration and Nationality Act in accordance with 8 U.S.C. §1101 *et seq*. Defendant Nielsen is being sued in her official capacity.

3. That the Defendant, **L. Francis Cissna**, is the Director of USCIS, an agency of the United States government involved in the acts challenged in this action. Defendant Cissna is being sued in his official capacity.

4. That the Defendant, **Katherine Baranowski**, is the District Director for District 10 of USCIS. Defendant Baranowski is being sued in her official capacity.

5. That the Defendant, **Lisa Bradley**, is the Field Office Director of the Jacksonville, Florida, office of USCIS. Defendant Bradley is being sued in her official capacity.

### III. JURISDICTION

6. That this is a civil action brought pursuant to 28 U.S.C. §§ 1331 and 1361 to redress the deprivation of rights, privileges and immunities secured to Plaintiff, by which jurisdiction is conferred, to compel Defendants to perform duties owed to Plaintiff.

7. That jurisdiction is also conferred by 5 U.S.C. § 704. Plaintiff is aggrieved by the agency's decision to withhold action in this case, as the Administrative Procedures Act requires in order to confer jurisdiction on the District Courts, 5 U.S.C. §§702 *et seq*.

8. That the aid of the Court is invoked under 28 U.S.C. §§ 2201 and 2202, authorizing a declaratory judgment.

9. That costs and attorney's fees will be sought pursuant to the Equal Access to Justice Act. 5 U.S.C. § 504 and 28 U.S.C. § 2412(d), *et seq*.

## IV. VENUE

10. That venue is proper in Jacksonville, Florida, and the Jacksonville Division of the Middle District of Florida pursuant to 28 U.S.C § 1391(e) because Plaintiff resides in Duval County, Florida, within the territorial limits of the Jacksonville Division.

## V. REMEDY SOUGHT

11. That Plaintiff seeks to have this Court compel Defendants to transfer an approved Form I-130 from the USCIS Jacksonville Field Office to the NVC.

## VI. CAUSE OF ACTION

12. That Plaintiff is a citizen of the United States ("USC"). Plaintiff is married to Gjovalin Lushi ("Gjovalin"), a native and citizen of Albania.

13. That Plaintiff filed a Form I-130 on behalf of Gjovalin seeking to accord him an immigrant visa as the spouse of a USC in accordance with 8 U.S.C. § 1151(b)(2)(A)(i). This petition was filed with Defendants on or about May 18, 2016 and was assigned receipt number LIN 16-906-74716.

14. That on or about October 16, 2017, Defendants approved Plaintiff's Form I-130 and provided Plaintiff with notice that the Form I-130 would be sent to the NVC.

15. The NVC is a component agency with the U.S. Department of State. Typically, the NVC received approved immigrant visa petitions from USCIS and handles much of the "front-end" work required to process the petition so that it can eventually be scheduled for an interview before a U.S. Consular Office ("USCON") abroad.

16. That the undersigned estimates that USCIS generally forwards approved petitions to the NVC within 30-60 days following approval.

17. That after waiting for more than 60 days following the approval of the Form I-130 that is the subject of these proceedings, the undersigned began communicating with the NVC in an effort to confirm that the NVC had received Plaintiff's approved petition.

18. That during the course of communicating with the NVC, counsel for Plaintiff received an email from the NVC advising that the Form I-130 had not been received. Rather, the NVC informed counsel that the petition was located in Gjovalin's alien ("A") file and that the "A" file was located in Orlando. Counsel's office attempted to communicate with the government to have the I-130 transferred to the NVC, but these requests went unanswered.

19. That on or about June 27, 2018, Plaintiff received correspondence from Defendants advising that the Form I-130 was located in the USCIS Jacksonville Field Office.

20. That on or about July 5, 2018, Plaintiff received correspondence from USCIS again advising that the Form I-130 had been submitted to the NVC for further processing.

21. That on or about July 19, 2018, counsel's office again reached out to the NVC to determine whether the Form I-130 had been received for further processing.

22. That on or about July 25, 2018, the NVC responded to counsel's inquiry and advised that the Form I-130 had not been received.

23. That pursuant to 8 C.F.R. § 204.2(a)(3), USCIS must forward the approved Form I-130 to the NVC. The only exception to this would be where the petitioner informs USCIS that the beneficiary will submit an application for "adjustment of status" in the United States and pursuant to 8 U.S.C. §1255(a).

24. That Plaintiff has made numerous attempts to ask Defendants to forward the approved Form I-130 to the NVC. These requests have been made both personally and through counsel.

25. That to date Defendants have failed to comply with the above-mentioned regulation or the requests made by Plaintiff.

26. That Plaintiff seeks the aid of this Court in ordering Defendants to comply with the regulation requiring the transfer of the approved Form I-130 from USCIS to the NVC.

27. That mandamus is appropriate because there is no other remedy at law. Through the instant action, Plaintiff seeks to compel the government to abide by its own regulation. Plaintiff's cause of action arises from the delayed administrative action required to provide this Court with jurisdiction pursuant to the Mandamus Act and the Administrative Procedure Act pursuant to 5 U.S.C. § 706(1).

28. That this Court has the authority to issue a writ of mandamus if Plaintiff can establish: (1) a clear right to relief; (2) that Defendants have a clear non-discretionary duty to act; and (3) that no other adequate remedy is available. <u>Nyaga v. Ashcroft</u>, 186 F. Supp. 2d 1244, 1252 (N.D. Ga. 2002); *rev'd on other grounds*, 323 F.3d 906 (11th Cir), citing <u>Heckler v. Ringer</u>, 466 U.S. 602 (1984); <u>District Lodge No. 166, Intern. Ass'n of Machinists and Aerospace Workers, AFL-CIO v. TWA Services, Inc.</u>, 731 F.2d 711 (11th Cir. 1984).

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Accept jurisdiction and maintain continuing jurisdiction of this action;

2. Conduct such hearings and examinations of Plaintiff as necessary to determine that the relief requested by Plaintiff is warranted as a matter of law;

3. Declare Defendants actions in the proceedings below to be unlawfully withheld or unreasonably delayed pursuant to 5 U.S.C. § 706(1) ;

4. Issue a preliminary and permanent injunction pursuant to 28 U.S.C. § 1361 and 5 U.S.C. § 706(1) compelling Defendants to make comply with its own regulation and transfer Plaintiff's approved Form I-130 to the NVC;

5. Issue a writ in the nature of mandamus, pursuant to 28 U.S.C. § 1361 and 5 U.S.C. § 706(1), compelling Defendants to make comply with its own regulation and transfer Plaintiff's approved Form I-130 to the NVC;

6. Grant attorneys' fees and costs of this suit under the Equal Access to Justice Act, 28 U.S.C. § 2412;

7. Grant such other relief as this Court may deem just and proper.

Respectfully submitted,

/s/   David Stoller   /s/
David Stoller, Esquire
Attorney for Plaintiff
4445 S. Conway Rd.
Orlando, Florida 32812
Phone: (407) 999-0088
Fax: (407) 382-9916
Email: david@davidstollerlaw.com
Florida Bar No. 92797